IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

1:17-bk-15263

| IN RE: | ) | Case #: |
|---|---|---|
| Kenneth Bingham | ) | Chapter 13 |
| Debtor(s) | ) | |
| | ) | |

## CHAPTER 13 PLAN

*Dated: November 15, 2017*

**1. Payments and Term.**
The debtor will pay the Chapter 13 Trustee **$500.00 biweekly by wage order to Catholic Health Initiatives** and the following additional monies:

**2. Priority Claims (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of **$3750.00, less $0.00** previously paid by the Debtor.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the allowed filed claim.

**3. Secured Claims.**
(a) *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security, capped by the filed claim, in the manner specified below; the trustee may increase payments to secured creditors to ensure timely amortization. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|
| | | | | |

(b) *Surrender.* The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim, which will be paid as unsecured under paragraph 4(a) below.

| *Creditor* | *Collateral to Be Surrendered* |
|---|---|

(c) *Long-Term Mortgages and Mobile Homes (Including doublewides or modular homes)*. The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C.§1322(b)(5) will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment, absent any objection. Amounts claimed pursuant to notice(s) of post-petition fees and expenses will be paid with first available

funds, absent an objection.  The filing of the notice of mortgage payment change or notice of post-petition fees or expenses shall be considered notice to the parties in interest of such payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor.  The secured creditor must advise of the need for monthly change promptly and in accordance with Fed. R. Bankr. P. 3002.1.  Pursuant to 11 U.S.C§1322(b)(3) and (10) all maintenance payment shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived.  No late charges shall accrue on any secured claim which is maintained in this plan or during this case pursuant to §1322(b)(5).  Pursuant to 11 U.S.C.§1322(b)(3) any secured creditor that fails to file a claim waives any default or charges resulting from non-payment. The first scheduled maintenance payment will be credited to first full calendar month after the month of filing of this case and all arrearages should be calculated to allow for such payment schedule.

| Creditor/Servicer | Estimated Arrearage | Arrearage Monthly Payment | Maintenance / Regular Monthly Payment |
|---|---|---|---|
| **Specialized Loan Servicing** | **$1710.00** | **$50.00** | **$855.00** |

(d) *De Novo Review*.  Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of the Chapter 13 Trustee made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**
(a) *Nonpriority*.  Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid: **60 month remainder plan**

**5. Executory Contracts and Unexpired Leases.**  Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

| Other Party to Contract | Property Description | Treatment |
|---|---|---|

**6. Special Provisions.** (Such as cosigned debts, debts paid by third party, student loans, and special priority debts).

**7.  Liens to be avoided under §§ 506 or 522 (f).**   Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

**8.  Property of the Estate.**  All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the Court.

**LAW OFFICE OF W. THOMAS BIBLE, JR.**

BY: /s/ W. Thomas Bible, Jr.
W. Thomas Bible, Jr., BPR 014754
6918 Shallowford Road, Suite 100
Chattanooga, TN  37421
(423) 424-3116; (423)499-6311(fax)
tom@tombiblelaw.com or  melinda@tombiblelaw.com
Attorney for Debtor